UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLD STAR SALES AND LEASING, INC.<br>           Plaintiff<br><br>vs.<br><br>TRU ASEPTICS, LLC AND JOHN DOES   :<br>1-10,<br>           Defendants | **Civil Case No.: 1:19-cv-14030-NLH-AMD**<br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Cold Star Sales and Leasing, Inc. ("Cold Star"), a New Jersey company, by its undersigned attorneys, respectfully alleges as follows:

## PARTIES

1. Plaintiff, Cold Star Sales & Leasing, Inc. is a corporation organized and existing under the laws of New Jersey with its principal place of business at at 27 Davis Ave, Mt. Ephraim, Camden County, New Jersey.

2. Defendant TRU Aseptics is a Wisconsin-registered entity with its principal place of business located at 7924 Wyetta Drive, Beloit, Wisconsin 53511.

## PROCEDURAL HISTORY

3. On or about May 15, 2019, Plaintiff Cold Star filed a Complaint in the Superior Court of New Jersey, Law Division, Camden County captioned Cold Star Sales and Leasing, Inc. v. TRU Aseptics, LLC under Docket No. CAM L-001895-19.

4. On or about June 20, 2019, Defendant TRU Aseptics, LLC filed a Notice of Removal in United States District Court for the District of New Jersey, Camden Vicinage and in the Superior Court of New Jersey, Camden County.

5. On or about July 3, 2019, Defendant TRU Aseptics, LLC filed an Amended Notice of Removal.

6. On or about July 9, 2019, Defendant TRU Aseptics, LLC filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

## JURISDICTION AND VENUE

7. Jurisdiction over this matter is based on 28 U.S.C. § 1332(a)(2) inasmuch as the claims made herein exceed the sum of $75,000, exclusive of interest and costs, and are between citizens of different states/countries.

8. Pursuant to Defendant's Amended Notice of Removal, TRU Aseptics is a single-member limited liability company wholly owned by Sierra Enterprises, LLC.

9. Pursuant to Defendant's Amended Notice of Removal, Sierra Enterprises, LLC, the sole member of TRU Aseptics, is a single-member limited liability company registered in the State of Delaware with its principal place of business located at 3158 E. Hamilton Avenue, Fresno, California 93702.

10. Pursuant to Defendant's Amended Notice of Removal, Sierra Enterprises, LLC is wholly owned by Sierra Delaware Holdings, Inc.

11. Pursuant to Defendant's Amended Notice of Removal, Sierra Delaware Holdings, Inc., the sole member of Sierra Enterprises, LLC, is a corporation.

12. Pursuant to Defendant's Amended Notice of Removal, Sierra Delaware Holdings, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business located at 3158 E. Hamilton Avenue, Fresno, California 93702.

13. Pursuant to Defendant's Amended Notice of Removal, no member in the chain of TRU Aseptics' ownership is a citizen of New Jersey.

14. Accordingly, there is complete diversity, and this Court has subject matter jurisdiction over the State Action pursuant to 28 U.S.C. 1332(a).

15. Venue is proper in this district under 28 U.S.C. § 1441(a) and § 1446(a) because the State Court where the State Action has been pending is in this district.

## BACKGROUND

16. Plaintiff Cold Star is a supplier of dairy products including 2% milk; half & half; French vanilla iced coffee; and mocha latte.

17. Defendant TRU Aseptics, LLC holds itself out as a processor of aseptic products for the retail, foodservice and food ingredient markets.

18. Aseptic processing is a technique wherein commercially thermally sterilized liquid products are packaged into previously sterilized containers under sterile conditions to produce shelf-stable products that do not need refrigeration.

19. Defendant TRU Aseptics, LLC held itself out as an expert for processing of aseptic dairy products.

20. Defendant TRU Aseptics, LLC held itself out as having the equipment, personnel and expertise to process dairy products including 2% milk; half & half; French vanilla iced coffee; and mocha latte.

21. Representations of the capabilities as set forth in the preceding paragraphs of Defendant, TRU Aseptics, LLC were made by individuals and employees of Defendant, including but limited to Stacel Huels J. Huels, principal, and James E. Hurley, President, CEO and co-founder.

22. Based on the representations made by Defendant TRU Aseptics, Plaintiff agreed to enter into an Agreement for the processing of merchandise, and specifically dairy products including 2% milk; half & half; French vanilla iced coffee; and mocha latte.

23. Accordingly, on or about March 26, 2018 Plaintiff Cold Star executed a Contract prepared by Defendant TRU Aseptics, LLC.

24. The Contract is referred to by Defendant TRU Aseptics, LLC as a Tolling Agreement.

25. Pursuant to the Tolling Agreement, Defendant TRU Aseptics, LLC was to aseptically process 2% milk; half & half; French vanilla iced coffee; and mocha latte.

26. The Tolling Agreement provided for production runs from the date of execution through December 31, 2018.

27. The Tolling Agreement also specifically provided the following: "**Quality** All ingredients are subject to approval by TRU QA team. Finished product will be released no more than 12 days after production due to mandatory QA micro hold."

28. The Tolling Agreement also specidically provided the following: "**Warranties** - TRU warrantees that all products will be produced in accordance with FDA-filed low acid aseptic process schedules and such products will be produced in accordance with written Client specifications. TRU will be responsible for any produced finished products that are found to be either non-aseptic, or out of written specifications, or in excess of pre-agreed upon yeld loss rates."

29. It is believed and therefore averred that the representations made by Defendant, TRU Aspetics, LLC, its owners, principals and employees were knowingly false when made.

30. It is believed and therefore averred that Defendant TRU Aseptics, LLC did not have the requisite knowledge and expertiese for the processing of aseptic dairy products and their representations to Plaintiff that they did were knowingly false when made.

31. It is believed and averred that Defendant TRU Aseptics, LLC did not have the equipment, personnel and expertise to process dairy products and their representations to Plaintiff that they did were knowingly false when made.

32. Based on the representations made by Defendant TRU Aseptics, Plaintiff agreed to enter into an Agreement for the processing of merchandise, and specifically dairy products including 2% milk; half & half; French vanilla iced coffee; and mocha latte.

33. The process that Defendant TRU Aseptics, LLC used to produce dairy products for the Plaintiff was defective and resulted in unusable, unstable dairy products.

34. Plaintiff commenced ordering of aseptic dairy products from Defendant TRU Aseptics, LLC in April 2018.

35. Defendant TRU Aspetic, LLC produced approximately 18,000 bags of product that was supposed to be FDA quality and customer specified aseptic dairy products.

36. By late April or early May 2018 consumers of the aseptic dairy products produced by Defendant identified that the product was defective.

37. The scope of the defects in the products are not yet completely known, but consumers identified widespread scaling, which renders the product non-compliant with the Tolling Agreement and other industry standards.

38. Additionally, customers identified widespread mold in the products produced by Defendant, which renders the product non-compliant with the Tolling Agreement and other industry standards was identified.

39. Additionally, customers identified widespread black mold in the products produced by Defendant, which renders the product non-compliant with the Tolling Agreement and other industry standards was identified.

40. Said products were defective and had to be returned.

41. Approximately half of the product produced by the Defendant was returned by consumers because it was defective.

42. Defendant, by and through its principals, agents, and/or employees requested that the defective product be returned to the Wisconsin processing plant.

43. Pursuant to that request, product was shipped to Defendant.

44. Defendant, by and through its principals, agents, and/or employees admitted that the product was defective.

45. Defendant, by and through its principals, agents, and/or employees promised that the Plaintiff would be reimbursed for the damages it had incurred as a result of the actions of TRU Aseptics, LLC.

46. Plaintiff has requested internal and external Quality Assurance (QA) reports for the processing performed by Defendant.

47. No such QA reports have ever been provided.

48. It is believed and therefore averred that Defendant processed a large amount of product which was never released or shipped to Plaintiff nor its customers.

49. Plaintiff was compelled to purchase replacement aseptic dairy products from a third party to replace defective products produced by Defendant.

50. The cost of the replacement aseptic dairy products purchased exceeded the original cost of the products contaminated by the Defendant.

51. As a result of the shipment of defective aseptic dairy products from Defendant TRU Aseptics, LLC, many of Plaintiff's customers cancelled orders and contracts with Plaintiff.

52. As a result of the shipment of defective aseptic dairy products from Defendant TRU Aseptics, LLC, Plaintiff lost a large number of customers.

53. Defendant knew or should have known said product was defective.

54. Defendant admitted knowledge that their merchandise was defective.

55. Demand was made to Defendant for reimbursement of damages, including replacement product costs as well as lost business and revenue.

56. Despite an initial promise to honor its obligations under the Tolling Agreement, Defendant has refused to pay for the damages it caused to Plaintiff.

57. Damages due to product loss and related expenses related to the actions of the Defendant are conservatively estimated to be at least $400,000.

58. Damages due to loss of customers and future business due to the actions of the Defendant are conservatively estimated to be at least $600,000.

## COUNT I
## BREACH OF CONTRACT

59. The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

60. Plaintiff was in contractual privity with Defendant.

61. Plaintiff performed all its obligations under the Tolling Agreement.

62. Defendant violated the Tolling Agreement by failing to perform obligations under same and/or misrepresenting those obligations to Plaintiff and/or by failing to render timely performance under same.

63. Defendant further violated the Tolling Agreement Warranty clause by failing to provide products that were in accordance with FDA-filed low acid aseptic process schedules.

64. Defendant further violated the Tolling Agreement Warranty clause by failing to provide products that were in accordance with written Client specifications.

65. Defendant further violated the Tolling Agreement Warranty clause by failing to take responsibility for products that were found to be non-aseptic and/or out of written specifications, and/or in excess of pre-agreed upon yeld loss rates.

66. Defendant further violated the Tolling Agreement by failing to provide product that met industry standards.

67. The aforesaid breaches were material in nature.

68. As a result of the aforesaid breach, Plaintiff sustained damages.

## COUNT II
## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT

69. The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

70. Defendant has engaged in fraudulent and/or unconscionable commercial practices including, but not limited to:

 a. Selling merchandise that is defective or damaged;

 b. Failing to deliver merchandise on the contracted for delivery date;

 c. Making a partial delivery of merchandise on the contracted for delivery date;

 d. Delivering defective or damaged merchandise;

 e. Delivering nonconforming merchandise;

 f. Delivering defective, damaged, and/or nonconforming merchandise and then exchanging it for defective, damaged, and/or nonconforming merchandise;

 g. Failing to issue refunds when consumers cancelled their order because, among other things, merchandise was defective, damaged, or nonconforming;

 h. Failing to issue refunds when consumers discovered after delivery that merchandise was defective, damaged, or nonconforming;

 i. Failing to issue refunds when consumers repeatedly received exchanged merchandise that was defective, damaged, or nonconforming;

 j. Failing to honor warranties on otherwise defective merchandise;

71. Each unconscionable commercial practice constitutes a separate violation under the Consumer Fraud Act, N.J.S.A. 56:8-2.

72. Plaintiff has sustained an ascertainable loss as a result of the Defendant's fraudulent and/or unconscionable commercial practices.

## **PRAYER FOR RELIEF**

73. WHEREFORE, plaintiff prays for judgment in its favor as follows:

A.	Finding that Defendant TRU Aseptics, LLC has breached the Tolling Agreement.

B.	Finding that Defendant TRU Aseptics, LLC has violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *ET. seq.*

C. Awarding Plaintiff Compensatory Damages.

D. Awarding Plaintiff Treble Damages.

E. Awarding Plaintiff Reasonable attorney's fees, filing fees, and costs of suit; and

F. Awarding Plaintiff the remedies provided for under any state and/or federal statutes pled in this Complaint,

G. Awarding Plaintiff any other applicable consequential, incidental, nominal and expectation damages; and

H. Any further relief which the court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues,

## DESIGNATION OF TRIAL COUNSEL

Adrian K. Cousens, Esquire is hereby designated as trial counsel on behalf of Plaintiff pursuant to the Rules of Court.

Respectfully Submitted,

GROSS McGINLEY, LLP

By: ___s/Adrian K Cousens_____
     Adrian K. Cousens, Esq.
     ID No: 018202000
     33 South 7th Street
     PO Box 4060
     Allentown, PA 18105-4060
     Phone: (610) 820-5450

               Fax: (610) 820-6006

Date: July 29, 2019

               *Counsel for Plaintiff, Cold Star Sales & Leasing, Inc.*